## DUSCHNES v. HEYMAN.

(Supreme Court, Appellate Division, First Department.    March 6, 1896.)

ACTION ON CONTRACT—DISMISSAL.

Where payments which defendant agreed to make plaintiff were contingent on her receiving money due her from a third party, and the complaint in an action for breach of the agreement did not allege, nor the evidence show, that defendant had received any of the sums due her from the third party, nor that defendant failed to receive it because of her neglect or refusal to collect it, the action was properly dismissed.

Appeal from court of common pleas, equity term.

Action by Louis Duschnes against Julia Heyman, for whom, on her death, was substituted Julius M. Heyman, executor. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

E. W. S. Johnston, for appellant.
John Frankenheimer, for respondent.

RUMSEY, J.    This action was brought against Julia Heyman in her lifetime, and, after her death, the defendant, as her executor, was substituted in her stead.    The foundation of the action was a contract entered into between Mrs. Heyman, the defendant, and her daughter, on the 11th day of January, 1893.    That portion of the contract which is material is as follows:

"The said Julia Heyman agrees to pay said Hattie S. Simm, née Heyman, from and after December 5th, 1892, the sum of twenty-five dollars per week out of the one hundred dollars per week which George W. Venable, under his agreement with said Julia Heyman, dated October 5th, 1892, is to pay to the latter until September 21st, 1893; and the said Julia Heyman further agrees to pay to said Hattie Simm the sum of two hundred dollars on March 28th, 1894, being one-fourth of the amount which said Julia Heyman has received from George W. Venable from October 5th, 1892, to December 5th, 1892, and one-fourth of the two notes of George W. Venable, each for five thousand dollars, one payable September 28th, 1893, and the other payable March 28th, 1894, as soon as said notes or either of them are paid."

The breach of said contract alleged was that the said Julia Heyman did not pay the sum of $25 a week, nor did she pay to the said Hattie S. Simm one-fourth of the two notes aforesaid, nor any part thereof.    It was further alleged in the complaint that the plaintiff served upon Julia Heyman a notice in writing, requiring her to enforce the notes of said Venable, and to pay to the plaintiff the pro-

portionate part thereof, as provided by the agreement, and to inform the plaintiff whether or not she had enforced the agreement entered into between Heyman and Venable, and whether or not she had enforced the two notes; and that said Julia Heyman refused and neglected to enforce the agreement, or to enforce the payment of the notes; and that she refused to pay to the plaintiff the proportionate part thereof, as provided for by said agreement. The defendant admitted in his answer the making of the agreement, and the death of Julia Heyman, and the appointment of himself as executor, and that she had in her lifetime received notice requiring her to enforce the agreement and the notes, and denied each and every other allegation contained in the complaint. The answer contained a further clause, which will be considered later.

The defendant, by his general denial, presented an issue which required the plaintiff to prove all the facts alleged in his complaint, or, at least, so many of them as would enable him to establish a cause of action at the trial. Just what cause of action was intended to be relied upon is quite doubtful. The plaintiff does not set up, as a breach of the contract, the failure to pay the $200 which was to have been paid on the 28th of March, 1894, but upon the trial the payment of that $200 was admitted. Such payment was the only one which was absolutely agreed to be made by Mrs. Heyman. The other payments were contingent upon her receiving from Venable the $100 a week and money upon the notes he had agreed to pay. It is to be noticed that the complaint contains no allegation that any such sums were received, and therefore it cannot be said to be an action for the recovery of the money which Mrs. Heyman agreed to pay. Nor does it contain any allegation that Mrs. Heyman neglected or refused to collect the money or the notes of Venable as to the several sums back payable. Indeed, such an allegation would not of itself establish any cause of action, because Mrs. Heyman nowhere agrees to collect these sums of money, and she could only be put in default for a breach of her contract if she refused to collect them under such circumstances that the plaintiff could successfully establish negligence on her part which deprived him of the benefits of the contract. But, however faulty the complaint may be, the evidence was still more defective. The plaintiff proved the making of the contract and the assignment to himself. He then offered in evidence a letter signed by Mrs. Heyman, and dated the 26th of February, 1894. This letter was offered and received, as stated by counsel, to show that the "only effort made by this woman in order to carry out the agreement, she having power to enforce these notes, was the proposition she never carried out." It was received for that purpose only, as stated by the court. This letter was dated before the last of the notes became due. It expressed a willingness on the part of Mrs. Heyman to pay over a proper proportion of whatever was received pursuant to the contract, and, looking to a possible default of Venable, it agreed, if such default took place (and it had not then taken place as to the second note, which was not due), to turn over to the plaintiff a proper proportion of certain mining stock which she held as security for the notes. These facts did not tend in any way to establish a cause of action against

Mrs. Heyman, and yet they were all the facts which were made to appear upon the trial. It was not shown that she had received any money from Venable; it was not shown that she might have collected these notes, and had refused to do so, or that any loss had accrued to anybody because the notes had not been collected. No proof was made with regard to the mining stock which she held as security, and there was nothing to show whether it was valuable or not. Indeed, it was of no importance, because no allegation was made about it in the complaint. This was the state of the evidence when the plaintiff closed his case, and upon that evidence there is no possible theory which will enable the plaintiff to have any recovery in the action.

It is said, however, that the answer admits a receipt of certain money from Venable. But that is not so. The answer admits nothing. It sets up, as an affirmative defense, that certain money had been received from Venable which had been disposed of as therein stated; but there was no proof made upon that subject, and there is no allegation or admission that the money was received from Venable under the contract which was set out in the complaint. However, that is of no importance. When the defendant interposes a general denial to the complaint, plaintiff is bound to prove his case; and, unless he does prove it, he is not entitled to recover in the action. If he may avail himself of affirmative allegations in the answer as admissions of the defendant, which is not conceded, those allegations cannot be extended beyond their fair meaning; and in the answer there was nothing to show that it was received under this contract, or that it in any way had anything to do with the facts set up in the complaint, and any suggestion of that kind was negatived by the evidence. The plaintiff was properly dismissed, because the complaint established no cause of action, either at law or in equity. It is not necessary, therefore, to consider the question argued before us whether the defendant should have pleaded that there was no adequate remedy at law, because, upon the facts shown, there was no right to any remedy whatever.

The judgment should be affirmed, with costs. All concur.