Per Curiam.

An accounting of some kind must be had between the parties as they did act as partners in connection with a number of the productions; they had a joint bank account in which the proceeds of some of the productions were deposited and into which certain proceeds were still being deposited up to the time of trial.
Plaintiff, however, had the burden of proof to show that the productions he relied on were within the terms of the agreement on which the cause of action is based. This is an essential element of plaintiff’s proof (Duschnes v. Heyman, 2 App. Div. 354 [1st Dept.], affd. 158 N. Y. 735). Plaintiff introduced no evidence to show that the following so-called “ new productions ” were produced by producers that either of the parties had not done business with, or that plaintiff, had chosen to participate in any of them, as provided and required by the written agreement between the parties: “ The Gay Nineties ”, “ Blackstone The Magician ” and “ Toledo Civic Opera Company ”,
Plaintiff’s general statement that he had never rejected any project is disproved by the oral and documentary testimony including in part that of plaintiff himself. By the terms of the written agreement each party concededly had a right to reject or accept any particular production and it was agreed that as to offered and accepted new productions the parties “will finance these deals together on a fifty-fifty basis, losses and profits to be divided on this basis.” With regard to “ Carmen-Jones ”, concededly plaintiff never offered a check for one half of the $5,000 which was admittedly his share of the expenses of that *893 production. The court did not find that plaintiff offered to pay his share. De Koven, plaintiff’s own witness, testified that defendant had asked him why plaintiff “ does not come up with a check for ‘ Carmen Jones ’ This was a very unusual and extraordinary joint enterprise. It would be manifestly unjust and not in accordance with the agreement and plaintiff’s own written construction of it to permit either party to wait until he could determine whether the production was a success or a failure before he accepted and paid his share of the expenses. Accordingly, on the evidence, the production of “ Carmen-Jones ” should be excluded in the accounting.
With regard to the City Center concession, defendant should 'be required to account only for the proceeds of the souvenir books or programs.
The judgment appealed from should be modified by striking therefrom decretal No. (3) relating to “ Carmen-Jones ”, decretal No. (4) relating to “The Gay Nineties”, “Blackstone The Magician” and “Toledo Civic Opera Company”; and by modifying decretal No. (1) with regard to the City Center Theatre so as to require defendant to account only for the proceeds of the souvenir programs, and as so modified affirmed, without costs.
Dore, Cohn and Callahan, JJ., concur; Glennon and Van Voorhis, JJ., dissent and vote to affirm.
Judgment modified in. accordance with opinion and as so modified affirmed, without costs. The findings inconsistent with this determination should be reversed and such new findings made of facts proved on the trial as are necessary to sustain the judgment hereby awarded. Settle order on notice. [See post, p. 1004.]